[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10438
Non-Argument Calendar

_____

Agency No. A098-678-768

GEBER ELOY DIAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 21, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Geber Eloy Diaz, a citizen of Venezuela, petitions this court for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reconsider the BIA's previous order denying his motion to reopen his removal proceedings. On appeal, Diaz identifies two errors that he contends warranted the BIA's reconsideration. First, he argues that the BIA erred as a matter of law by refusing to consider three letters that he had submitted in support of his motion to reopen. Second, Diaz asserts that the evidence that he submitted in support of his motion to reopen was sufficient to establish changed country conditions in Venezuela.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). Our review is limited to determining whether the BIA's exercise of its discretion was arbitrary or capricious. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (discussing standard for motions to reopen).

An alien who is subject to a final order of removal may move the BIA to reopen his removal proceedings based on new evidence. 8 C.F.R. 1003.2(c)(1). Generally, an alien must file a motion to reopen within 90 days of the entry of a final order of removal. 8 C.F.R. 1003.2(c)(2). That time limit does not apply, however, if the motion to reopen is based on changed country conditions. Id.

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). "[M]erely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Calle, 504 F.3d at 1329. Here, in its order denying Diaz's motion to reopen, the BIA found that the letters submitted by Diaz were unreliable due to their uncertain origin. The BIA also found that the evidence submitted by Diaz failed to establish changed country conditions. In his motion to reconsider, Diaz did not specifically explain how either conclusion was erroneous; instead, he merely reasserted the arguments made in his motion to reopen.[1] Because Diaz failed to establish that the BIA committed any errors in denying the motion to reopen, the BIA did not abuse its discretion in denying the motion to reconsider. Accordingly, we deny Diaz's petition.

**PETITION DENIED.**

---

[1] Although Diaz explains that he was not required to authenticate the letters, he failed to raise that issue before the BIA and thus has not exhausted it. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).